IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| NEXT LIGHTING CORP., | § |
| *Plaintiff*, | § |
| v. | § Civ. Action No.: |
| LSI INDUSTRIES INC., | § JURY DEMANDED |
| *Defendant*. | § |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff NEXT Lighting Corp. ("Plaintiff" or "NEXT") files this Complaint for Patent Infringement against Defendant LSI Industries Inc. ("Defendant" or "LSI") as follows:

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement that arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original jurisdiction over the subject matter of this claim under 28 U.S.C. §§ 1331 and 1338(a).

**THE PARTIES**

1. NEXT is a corporation organized and existing under the laws of California. NEXT was founded in San Francisco in 2009 with a vision to develop environmentally friendly lighting solutions for the mass market. NEXT is an innovator in the lighting market, having developed extensible lighting platforms, control solutions, and efficient, low-glare lighting systems that optimize light distribution. An overview of some of NEXT's innovations is available at www.nextlighting.com/products.

2. Upon information and belief, Defendant LSI is a corporation organized and existing under the laws of Ohio, having a principal place of business at 10000 Alliance Road, Cincinnati, Ohio 45242. LSI may be served through its registered agent, Keating Muething, at One East Fourth Street, Cincinnati, Ohio 45202.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

4. Venue is proper within this District under 28 U.S.C. §§ 1391 and 1400(b) because LSI (1) resides in this District, and (2) maintains a regular and established place of business in this District and has committed infringing acts in this District. Having purposefully availed itself of the privilege of conducting business within this District, Defendant should reasonably and fairly anticipate being brought into court here.

## INFRINGEMENT OF UNITED STATES PATENT NO. 8,491,165

5. NEXT incorporates the above paragraphs as if fully set forth herein.

6. On July 23, 2013, United States Patent No. 8,491,165 ("the '165 patent") entitled "Lighting Unit Having Lighting Strips with Light Emitting Elements and a Remote Luminescent Material" was duly and legally issued after full and fair examination. NEXT is the owner of all right, title, and interest in and to the '165 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. A copy of the '165 patent is attached hereto as Exhibit A.

7. Claim 34 of the '165 patent states:

A lighting strip comprising:

a linear support structure;

an at least partially reflective reflector extending substantially along the length of said support; and

a plurality of open-air light emitting elements disposed along the length of said support structure, wherein light from said light emitting elements does not pass through secondary optics, and wherein the light from said light emitting elements is reflected at least once before leaving the lighting strip.

8.　　　Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '165 patent in this judicial district and elsewhere in the United States, by making, using, importing, selling, and offering for sale lighting products that incorporate the claimed lighting unit design ("Accused Products"). One example of Defendant's infringing products is Defendant's LED Side Light Recessed Troffer ("SLI").  LSI's website reveals exemplary information regarding the SLI (http://www.lsi-industries.com/documents/datasheets/sli-datasheet.pdf).  Defendant's SLI is a lighting strip incorporating a linear support structure.  The SLI uses a reflector extending substantially along the length of the support.  The SLI's reflector uses a high-reflectance (minimum 92%) matte white polyester powder finish.  The SLI also incorporates a plurality of open-air light emitting elements disposed along the length of the support structure.  The SLI uses high brightness light-emitting diodes ("LEDs") as the light emitting elements.  The LEDs are disposed along the length of the support structure.  Light from the SLI's LEDs does not pass through secondary optics.  Light from the SLI's LEDs is reflected at least once before leaving the lighting strip.

9. Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '165 patent in this judicial district and elsewhere in the United States, by making, using, importing, selling, and offering for sale the Accused Products that incorporate the claimed lighting unit design.

**INFRINGEMENT OF UNITED STATES PATENT NO. 8,684,566**

10. NEXT incorporates the above paragraphs as if fully set forth herein.

11. On April 1, 2014, United States Patent No. 8,684,566 ("the '566 patent") entitled "Lighting Unit with Indirect Light Source" was duly and legally issued after full and fair examination. NEXT is the owner of all right, title, and interest in and to the '566 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income. A copy of the '566 patent is attached hereto as Exhibit B.

12. Claim 1 of the '566 patent states:

1. A lighting unit comprising

at least one light source;

a first, at least partially reflective, surface configured to mask the at least one light source and prevent a direct line-of-sight to the at least one light source from outside the lighting unit; and

a second, at least partially reflective, surface configured to receive light reflected from the first surface and redistribute the light reflected from the first surface in one or more directions.

13. Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '566 patent in this judicial district and

elsewhere in the United States, by making, using, importing, selling, and offering for sale the Accused Products that incorporate the claimed lighting unit design. Defendant's SLI is a lighting unit that uses high brightness LEDs as the light source. The SLI uses a first surface that masks the LEDs and prevents a direct line-of-sight to the LEDs from outside the SLI. The SLI also uses a second surface that is configured to receive light from the first surface and redistribute the light in multiple directions. The SLI's first and second surfaces use a high-reflectance (minimum 92%) matte white polyester powder finish.

14. Defendant has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '566 patent in this judicial district and elsewhere in the United States, by making, using, importing, selling, and offering for sale the Accused Products that incorporate the claimed lighting unit design.

15. Defendant has been at no time, either expressly or impliedly, licensed under the '165 or '566 patents.

16. Defendant's acts of infringement have caused damage to NEXT. NEXT is entitled to recover from Defendant the damages sustained by NEXT as a result of the wrongful acts of Defendant in an amount subject to proof at trial.

17. To the extent required by law, NEXT has complied with the provisions of 35 U.S.C. § 287.

18. Upon information and belief, Defendant has had knowledge of the '165 and '566 patents and has had knowledge of its infringement of the '165 and '566 patents since January 29, 2018 through written notification sent by NEXT to Defendant. Defendant's infringement has been and continues to be willful and deliberate. Upon information and belief, Defendant deliberately infringed the '165 and '566 patents and acted recklessly and

in disregard to the '165 and '566 patents by making, having made, using, importing, and/or offering for sale products that infringe the '165 and '566 patents. Upon information and belief, the risks of infringement were known to Defendant and/or were so obvious under the circumstances that the infringement risks should have been known. Upon information and belief, Defendant has no reasonable non-infringement theories. Upon information and belief, Defendants has not attempted any design change to avoid infringement. Defendant has acted despite an objectively high likelihood that its actions constituted infringement of the '165 and '566 patents. In addition, this objectively-defined risk was known or should have been known to Defendant. Upon information and belief, Defendant has willfully infringed and/or continues to willfully infringe the '165 and '566 patents. Defendant's actions of being made aware of its infringement, not developing any non-infringement theories, not attempting any design change, and not ceasing its infringement constitute egregious behavior beyond typical infringement. Defendant has acted despite an objectively high likelihood that its actions constituted infringement of the '165 and '566 patents.

19. Defendant's affirmative acts of selling the Accused Products, causing the Accused Products to be manufactured and distributed, and providing instruction manuals for the Accused Products have induced and continue to induce Defendant's manufacturers, resellers, and/or end-users to make or use the Accused Products in their normal and customary way to infringe the '165 and '566 patents. For example, it can be reasonably inferred that retailers will re-sell the infringing products, and that end-users will use the infringing products, which will cause the Accused Products that are the subject of the claimed invention to be used. Defendant specifically intended and was aware that these

6

normal and customary activities would infringe the '165 and '566 patents. By way of example only, the lighting products that are the subject of the claimed invention are used when one of the Accused Products is turned on and its LEDs illuminated. In addition, Defendant provides instructional materials, such as user guides, that specifically teach end-users to use the Accused Products. By providing such instructions, Defendant knows (and has known), or was willfully blind to the probability that its actions have, and continue to, actively induce infringement. These actions have induced and continue to induce the direct infringement of the '165 and '566 patents by end-users, businesses, distributors, resellers, and sales representatives. Upon information and belief, Defendant knew of the '165 and '566 patents and knew of its infringement, including by way of this lawsuit and earlier as described above.

20. Defendant has also actively induced, and continues to induce, the infringement of at least claim 17 of the '566 patent by actively inducing its customers to use the Accused Products in an infringing manner as described above. Upon information and belief, Defendant has specifically intended that the end-users of the Accused Products infringe at least claim 17 of the '566 patent by, at a minimum, providing access to support for, training and instructions for, the Accused Products to enable the end-users to infringe at least claim 17 of the '566 patent as described above.

## DEMAND FOR JURY TRIAL

NEXT hereby demands a jury for all issues so triable.

## PRAYER

WHEREFORE, NEXT respectfully requests that the Court:

1. Enter judgment that Defendant has infringed the '165 and '566 patents;

2. A judgment and order permanently enjoining Defendant and its directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the '165 or '566 patents, including the making, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the '165 or '566 patents pursuant to 35 U.S.C. § 283;

3. A judgment and order requiring Defendant to pay NEXT damages sufficient to compensate NEXT for Defendant's infringement of the '165 and '566 patents, in an amount not less than NEXT's lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment with an accounting, as needed;

4. A judgment and order awarding NEXT enhanced damages, pursuant to 35 U.S.C. § 284, if Defendant's acts of infringement of the '165 and '566 patents are determined to be willful;

5. An award of all costs and reasonable attorney's fees against Defendant, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the '165 and '566 patents; and

6. Award any other relief deemed just and equitable.

DATED: March 19, 2018                    Respectfully submitted,


       **s/ David A. Welling**
**DAVID A. WELLING (0075934)**
**C. VINCENT CHOKEN (0070530)**
CHOKEN WELLING LLP
55 S. Miller Rd., Ste. 203
Akron, Ohio 44333
Tel.   (330) 865 – 4949
Fax    (330) 865 – 3777
davidw@choken-welling.com
vincec@choken-welling.com


**ROBERT D. KATZ** (*pro hac vice* pending)
(*Trial Counsel)
Texas Bar No. 24057936
Email: rkatz@katzfirm.com
KATZ PLLC
6060 N. Central Expressway, Suite 560
Dallas, TX 75206
Phone: (214) 865-8000

**ATTORNEYS FOR PLAINTIFF,**
**NEXT LIGHTING CORP.**