IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **NEXT LIGHTING CORP.,** | Civil Action No. 1:18-cv-00190 |
| Plaintiff, | |
| v. | Judge Susan J. Dlott |
| **LSI INDUSTRIES INC.,** | Magistrate Judge Stephanie K. Bowman |
| Defendant. | **Jury Trial Demanded** |

**LSI INDUSTRIES INC.'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>**

TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................. 1

II. STATEMENT OF FACTS ............................................................................... 2

    A. The Asserted Patents ............................................................................. 2

    B. The Accused Product ............................................................................ 2

III. STANDARD OF REVIEW .............................................................................. 2

    A. Induced Infringement ............................................................................ 4

    B. Willful Infringement ............................................................................. 5

IV. ARGUMENT .................................................................................................... 5

    A. Plaintiff's Direct Infringement Claims Fail to Meet The *Twombly* and *Iqbal* Standard ......................................................................... 5

        i. Plaintiff's Direct Infringement Claims Merely Recite the Claim Elements and Do Not Include Factual Allegations To Plausibly Show How The Accused Product Infringes the Asserted Claims ............................................................................... 6

    B. Plaintiff's Induced Infringement Allegations Should Be Dismissed Or at Least Limited Because: 1) They Fail to Meet The *Twombly* and *Iqbal* Standard, 2) The Plaintiff Has Not Pled Factual Allegations To Show LSI Knowingly Induced Infringement Of The Asserted Claims, And 3) The Complaint Does Not Allege That LSI Knew Of The Asserted Patents Prior To January 29, 2018 ..................... 8

        i. Plaintiff's Induced Infringement Claims Fail to Properly Plead Direct Infringement Under The *Twombly* and *Iqbal* Standard ................................................................................ 8

        ii. Plaintiff's Induced Infringement Claims Do Not Contain Facts to Support That LSI Knowingly Induced Infringement Of The Asserted Claims .......................................................... 9

        iii. Plaintiff's Induced Infringement Claims Do Not Allege That LSI Knew Of The Asserted Patents Prior To January 29, 2018 ............................................................................................. 10

    C. Plaintiff's Willful Infringement Allegations Should Be Dismissed Or At Least Limited Because: 1) They Fail to Meet The *Twombly* and *Iqbal* Standard, 2) The Plaintiff Has Not Pled Factual Allegations To Show That LSI's Conduct Is Of An Egregious Nature That Goes Beyond Typical Infringement, And 3) The Complaint Does Not Allege That LSI Knew Of The Asserted Patents Prior To January 29, 2018 ........................................................ 10

|      |       |                                                                                                                                                                                                                  |     |
|------|-------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----|
|      | i.    | Plaintiff's Willful Infringement Claims Fail to Properly Plead Direct Infringement Under The *Twombly* and *Iqbal* Standard ................................................................................... | 11  |
|      | ii.   | Plaintiff's Willful Infringement Claims Do Not Contain Facts to Support That LSI's Conduct Is Of An Egregious Nature That Goes Beyond Typical Infringement...................................... | 11  |
|      | iii.  | Plaintiff's Willful Infringement Claims Do Not Allege That LSI Knew Of The Asserted Patents Prior To January 29, 2018................................................................................................ | 12  |
| V.   |       | CONCLUSION................................................................................................ | 13  |

**I.      INTRODUCTION**

Plaintiff's Complaint purports to allege direct and induced infringement of U.S. Patent No. 8,491,165 ("the '165 patent") and U.S. Patent No. 8,684,566 ("the '566 patent") (collectively, "Asserted Patents") and that this infringement was willful. However, the allegations contained within the Complaint offer no facts that can plausibly support the most basic elements of these causes of action. In fact, almost every allegation contained within the Complaint is a pure formulaic recitation of the elements that form the cause of action rather than facts that could plausibly support a finding of direct or induced infringement. The allegations of direct infringement fall far short of meeting the required *Twombly* and *Iqbal* pleading standard and as such they should be dismissed. Absent direct infringement, there can be no induced or willful infringement. As a result, the entire Complaint should be dismissed.

Additionally, the Complaint provides no factual allegations that LSI knowingly induced infringement of the Asserted Patents or that LSI's conduct is of an egregious nature that goes beyond typical infringement. For these additional reasons, the Complaint's allegations of induced and willful infringement should be dismissed.

Alternatively, should the Court determine that Plaintiff's letter of January 29, 2018 to LSI supports sufficient intent and egregious behavior required to support allegations of induced and willful infringement, then these causes of actions should be limited to acts that occurred after January 29, 2018 because the Complaint fails to set forth factual allegations that LSI knew of the asserted patents prior to this date. Without facts sufficient to plausibly support that LSI knew of the Asserted Patents, LSI cannot possibly have had the requisite intent to induce others to directly infringe the Asserted Patents nor could LSI have willfully infringed a patent it did not know about.

## II.  STATEMENT OF FACTS

### A.  The Asserted Patents

Plaintiff asserts infringement of the '165 patent and the '566 patent against LSI Industries Inc. ("LSI"). (ECF No. 1 ¶¶ 6, 11).[1] Specifically, Plaintiff has asserted that LSI infringes claim 34 of the '165 patent and claim 1 of the '566 patent (collectively, "Asserted Claims"). (ECF No. 1 at ¶¶ 7-8, 12-13).

### B.  The Accused Product

The Complaint asserts that LSI's LED Side Light Recessed Troffer ("Accused Product") infringes each of the Asserted Claims. Plaintiff alerted LSI to the Asserted Patents on January 29, 2018 but misidentified the various asserted claims, rendering the asserted infringement theory confusing. LSI was later notified of the alleged infringement of the Accused Product by the filing of the Complaint. LSI terminated sales of the Accused Product mere weeks later.

## III.  STANDARD OF REVIEW

On December 1, 2015, certain amendments to the Federal Rules of Civil Procedure became effective. These amendments abrogated Federal Rule of Civil Procedure 84 and Form 18, and, therefore, they no longer govern the adequacy of pleadings. Instead, the Supreme Court's *Twombly* and *Iqbal* decisions govern. *Stuart v. Rust-Oleum Corp.,* 272 F. Supp. 3d 1019, 1024 (S.D. Ohio 2017) (applying the *Twombly* and *Iqbal* decisions to assess the sufficiency of claims for patent infringement in light of a Rule 12(b)(6) motion); *Atlas IP LLC v. Pac. Gas & Elec. Co.,* No. 15-CV-05469-EDL, 2016 WL 1719545, at *2 (N.D. Cal. Mar. 9, 2016) ("Under the amended rules, allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal* . . . ."); *e.Digital Corp. v. iBaby Labs, Inc.*,

---

[1] For the purposes of this motion, LSI has taken all factual allegations in the Complaint as true. *See Iqbal*, 556 U.S. at 679. However, no statements made herein should be construed as an admission that the factual allegations in the Complaint are true.

2

No. 15-CV-05790-JST, 2016 WL 4427209, at *3 (N.D. Cal. Aug. 22, 2016) ("the Court concludes that former Form 18 no longer controls and that allegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal* . . . .").

Applying the standards set forth in *Twombly* and *Iqbal*, this Court has held that a complaint must "allege specific facts plausibly establishing . . . that the accused device contains 'each limitation of the claim.'" *Stuart,* 272 F. Supp. 3d at 1027-28. Courts have recognized that a complaint should include a "coherent theory of which claims are allegedly infringed and how the accused products practice . . . *each of those elements*." *Atlas IP*, 2016 WL 2866134, at *5 (emphasis added). To show how the accused products practice each of those elements, the Complaint must "map [each] claim limitation onto [a] portion of the accused products" and "draw any parallels between the accused products and the claim elements" in a manner that permits the Court to plausibly infer that each claim limitation is met. *North Star Innovations, Inc. v. Etron Tech.,* 2016 WL 9046909, at *4 (dismissing complaint); *see also e.Digital Corp.*, 2016 WL 4427209, at *5 (dismissing complaint). In other words, the Complaint cannot merely "allege[] that each element of a cited claim is infringed and then parrot[] the claim language for each element." *See Macronix Int'l Co. v. Spansion, Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014); *McRo, Inc. v. Rockstar Games, Inc.*, C.A. No. 12-1513-LPSCJB, 2014 WL 1051527, at *6 (D. Del. Mar. 17, 2014) (dismissing indirect infringement claims under *Twombly* and *Iqbal* because the "assertion of infringing use … [was] in reality little more than a rephrasing of a portion of the language of [the asserted claim]").[2]

---

[2] Other Courts have similarly dismissed claims for failure to provide a comparison of the claim elements to the accused instrumentality. *Asghari-Kamrani v. United Servs. Auto. Ass'n*, Civil No. 2:15cv478, 2016 U.S. Dist. LEXIS (E.D. Va. Mar. 22, 2016) (finding the plaintiff's complaint to be deficient in several respects, including failing to specify which features of the defendant's website correspond to features identified in the patent, failing to identify with particularity how

A. **Induced Infringement**

A party is liable for induced infringement if it "actively induces infringement of a patent." 35 U.S.C. § 271(b). The U.S. Supreme Court and United States Court of Appeals for the Federal Circuit have determined that a showing of induced infringement requires: (1) direct infringement by an entity other than the defendant accused of induced infringement; (2) the defendant knowingly induced that entity to directly infringe; and (3) the defendant possessed specific intent to encourage that direct infringement. *See, e.g., Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S. Ct. 2060, 2066-68, 2071-72 (2011)*; see also Broadcom Corp. v. Qualcomm Inc.,* 543 F.3d 683, 697-98 (Fed. Cir. 2008); *DSU Med. Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1306 (Fed. Cir. 2006). Moreover, the U.S. Supreme Court has clarified that induced infringement requires the alleged inducer's knowledge that the induced acts of a third party constitute patent infringement. *Global-Tech Appliances*, 131 S. Ct. at 2068.

In the case of *In re Bill of Lading*, the Federal Circuit confirmed that the *Twombly* and *Iqbal* pleading standards are applicable to allegations of induced infringement. 681 F.3d 1323, 1350-51 (Fed. Cir. 2012). S*ee also Mouldtec*, 2012 U.S. Dist. LEXIS 168605, at *4. Although knowledge and intent may be averred generally, the Federal Circuit "requires that the pleading allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *Exergen Corp. v. WalMart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 249 (5th Cir. 2010) ("Under a specific intent standard, mere knowledge is not enough[.]"). The Complaint must,

---

each allegedly infringing feature of the website infringes the patent, and failing to identify each of the claims alleged to have been infringed and details as to how each claim is infringed); *Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154, at *1, 3 (E.D. Va. Jan. 25, 2017) (complaint "fail[ed] to specify which features of [the accused products] correspond to the limitations of any claims in the identified patents" and "d[id] not identify with any particularity how each allegedly infringing feature of the accused products infringes any of the named patents") (emphasis omitted).

4

therefore, affirmatively plead facts plausibly showing that LSI specifically intended for and "actively induce[d]" their customers to directly infringe the patent. *See In re Bill of Lading*, 681 F.3d at 1339; *DSU Med.*, 471 F.3d at 1306.

### B. Willful Infringement

A prerequisite for finding liability for willful patent infringement is that the accused infringer had actual knowledge of the patent. *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("a party cannot be found to have willfully infringed a patent of which the party had no knowledge"); *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010) ("Infringement is willful when the infringer was aware of the asserted patent...."). In addition to establishing knowledge of the patent, the Complaint must establish facts sufficient to support an inference that the alleged conduct by the Defendant is of an egregious nature that is beyond typical infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).

## IV. ARGUMENT

### A. Plaintiff's Direct Infringement Claims Fail to Meet The *Twombly* and *Iqbal* Standard

The Plaintiff contends that LSI directly infringes the Asserted Claims by making and selling the Accused Product. (ECF. No. 1 at ¶¶ 8, 13, 19). The Complaint merely recites the claim elements and does not include factual allegations to plausibly show how the Accused Product or LSI's manufacture and sale thereof, could infringe the Asserted Claims. The Plaintiff has thus failed to plausibly state a claim upon which relief can be granted.

i. **Plaintiff's Direct Infringement Claims Merely Recite the Claim Elements and Do Not Include Factual Allegations To Plausibly Show How The Accused Product Infringes the Asserted Claims**

The Complaint should be dismissed because it fails to plead factual allegations that show how the Accused Product infringes the Asserted Claims. Specifically, below is a table that contains the Asserted Claims on the left hand side, while the right hand side of the table contains all of the allegations in the Complaint that purportedly show that the Accused Product meets the claim limitations.

| Only Asserted Claim of the '165 Patent | Only Allegations in the Complaint re Infringement of this Asserted Claim |
|---|---|
| 34. A lighting strip comprising: | |
| a linear support structure; | Defendant's SLI is a lighting strip incorporating a linear support structure. |
| an at least partially reflective reflector extending substantially along the length of said support; and | The SLI's reflector uses a high reflectance (minimum 92%) matte white polyester powder finish. |
| | The SLI uses a reflector extending substantially along the length of the support. |
| a plurality of open-air light emitting elements disposed along the length of said support structure, | The SLI also incorporates a plurality of open-air light emitting elements disposed along the length of the support structure. The SLI uses high brightness light-emitting diodes ("LEDs") as the light emitting elements. The LEDs are disposed along the length of the support structure. |
| wherein light from said light emitting elements does not pass through secondary optics, and | Light from the SLI's LEDs does not pass through secondary optics. |
| wherein the light from said light emitting elements is reflected at least once before leaving the lighting strip. | Light from the SLI's LEDs is reflected at least once before leaving the lighting strip. |

| Only Asserted Claim of the '566 patent | Only Allegations in the Complaint re Infringement of this Asserted Claim |
|---|---|
| 1. A lighting unit comprising | |
| at least one light source; | Defendant's SLI is a lighting unit that uses high |

6

| | brightness LEDs as the light source. |
|---|---|
| a first, at least partially reflective, surface configured to mask the at least one light source and prevent a direct line-of-sight to the at least one light source from outside the lighting unit; and | The SLI's first . . . surface[] use[s] a high-reflectance (minimum 92%) matte white polyester powder finish. |
| | The SLI uses a first surface that masks the LEDs and prevents a direct line-of-sight to the LEDs from outside the SLI. |
| a second, at least partially reflective, surface configured to receive light reflected from the first surface and redistribute the light reflected from the first surface in one or more directions. | The SLI's . . . second surface[] use[s] a high-reflectance (minimum 92%) matte white polyester powder finish. |
| | The SLI also uses a second surface that is configured to receive light from the first surface and redistribute the light in multiple directions. |

As shown above, the allegations contained within the Complaint fail to map or show where each claim limitation can be found within the Accused Product. *North Star Innovations,* 2016 WL 9046909, at *4; *see also e.Digital Corp.*, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016), at *5. Instead, the Complaint improperly parrots the claim language of the Asserted Claims and makes conclusory allegations that the claim limitation is met. *McRo,* 2014 WL 1051527, at *6. This mere parroting of the claim language fails to meet the required *Twombly* and *Iqbal* standard and therefore warrants dismissal of the direct infringement allegations. *See Macronix*, 4 F. Supp. 3d at 804 (parroting the claim language for each element "simply does not satisfy the notice and showing requirements of Rule 8(a) as interpreted by *Twombly* and *Iqbal*").

In fact, the Complaint fails even to include an image of the Accused Product in an effort to show where each claim limitation can be found within the Accused Product. Even if somehow these allegations map or show where each claim limitation can be found within the Accused Product—which they do not—these allegations also fail to explain how the components within the Accused Product meet the claim limitations. *North Star Innovations,* 2016 WL 9046909, at *4; *see also e.Digital Corp.*, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016), at *5.

As such, these failures warrant dismissal of the direct infringement allegations and in turn the entire Complaint.

      **B.**      **Plaintiff's Induced Infringement Allegations Should Be Dismissed Or at Least Limited Because: 1) They Fail to Meet The *Twombly* and *Iqbal* Standard, 2) The Plaintiff Has Not Pled Factual Allegations To Show LSI Knowingly Induced Infringement Of The Asserted Claims, And 3) The Complaint Does Not Allege That LSI Knew Of The Asserted Patents Prior To January 29, 2018**

Induced infringement requires: (1) direct infringement by an entity other than the defendant accused of induced infringement; (2) the defendant knowingly induced that entity to directly infringe; and (3) the defendant possessed specific intent to encourage that direct infringement. *See Global-Tech Appliances,* 131 S. Ct. at 2066-68, 2071-72. Plaintiff's allegations of indirect infringement: 1) do not adequately plead direct infringement, as detailed above, 2) fail to include any factual allegations that show LSI knowingly induced infringement of the Asserted Patents, and 3) fail to include any factual allegations that show LSI's knowledge of the Asserted Patents prior to January 29, 2018.

      **i.**      **Plaintiff's Induced Infringement Claims Fail to Properly Plead Direct Infringement Under The *Twombly* and *Iqbal* Standard**

Induced infringement requires Plaintiff to prove direct infringement by an entity other than the defendant accused of induced infringement. *See, e.g., Global-Tech Appliances,* 131 S. Ct. at 2066-68, 2071-72. However, as discussed above, the Complaint has failed to sufficiently plead direct infringement. *See Supra*. "Absent direct infringement of the claims of a patent, there can be neither contributory infringement nor inducement of infringement." *Carborundum Co. v. Molten Metal Equip. Innovations, Inc.,* 72 F.3d 872, 876 n.4 (Fed. Cir. 1995); *see also Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1272 (Fed. Cir. 2004). As a result, where Defendant's motions to dismiss Plaintiff's direct infringement claims has been granted, Plaintiff's related allegations of indirect infringement must also be dismissed. *L.M.*

8

*Sessler Excavating & Wrecking, Inc. v. Bette & Cring, LLC*, No. 16-CV-06534-FPG, 2017 WL 4652709, at *5 (W.D.N.Y. Oct. 17, 2017) (dismissing the complaint, which alleged both direct and indirect infringement, upon finding that "the requisite claims of direct infringement have not been adequately pleaded").

> ii. **Plaintiff's Induced Infringement Claims Do Not Contain Facts to Support That LSI Knowingly Induced Infringement Of The Asserted Claims**

The Complaint fails to set forth factual allegations that LSI knowingly induced infringement of the Asserted Claims. The Complaint alleges that the "Defendant has had knowledge of the '165 and '566 patents and has had knowledge of its infringement of the '165 and '566 patents since January 29, 2018 through written notification sent by NEXT to Defendant." (ECF No. 1 at ¶ 18). While this statement may show that LSI had a general knowledge of the Asserted Patents, this statement does not contain sufficient to support the plausible inference that LSI had pre-suit knowledge that its "end-users, businesses, distributors, resellers, and sales representatives" infringed the Asserted Claims. *Pragmatus AV, LLC v. Yahoo! Inc.,* No. CIV.A. 11-902-LPS, 2012 WL 6044793, at *15 (D. Del. Nov. 13, 2012). This is because the described "January 29, 2018 . . . written notification" is not attached to the Complaint, nor does the Complaint describe the substance of this written notification. *See generally* ECF No. 1. Thus, the Court is left to speculate as to what it was about that notice that could have plausibly provided LSI with the requisite knowledge of its "end-users, businesses, distributors, resellers, and sales representatives" infringing. *Id; see, e.g., MONEC Holding AG v. Motorola Mobility, Inc.,* 897 F. Supp. 2d 225, 232 (D. Del. 2012) (finding that lack of factual allegations regarding knowledge that induced acts constitute patent infringement warranted dismissal of inducement claim); *HSM Portfolio LLC v. Fujitsu Ltd.,* Civil Action No. 11–770–RGA, 2012 WL 2580547, at *1 (D. Del. July 3, 2012) (finding allegation that purported indirect

9

infringer was "placed on notice of its infringement" as of a particular date insufficient because that allegation of knowledge was otherwise "wholly unsupported by any factual allegations"). Accordingly, the induced infringement claims contained within the Complaint are defective.

### iii. Plaintiff's Induced Infringement Claims Do Not Allege That LSI Knew Of The Asserted Patents Prior To January 29, 2018

At a minimum, the Plaintiff's induced infringement claims should be limited to alleged infringing activities after January 29, 2018 because the Complaint does not allege that LSI knew of the Asserted Patents prior to that date. Specifically, a claim for induced infringement requires the Plaintiff to prove that LSI knew of the Asserted Patents. *See Global-Tech Appliances,* 131 S. Ct. at 2066-68, 2071-72. However, the only allegation contained within the Complaint that alleges that LSI knew of the patents is the following statement:

> Upon information and belief, Defendant has had knowledge of the '165 and '566 patents and has had knowledge of its infringement of the '165 and '566 patents since January 29, 2018 through written notification sent by NEXT to Defendant.

(ECF No. 1 at ¶ 18). Absent knowledge before January 29, 2018, LSI could not possibly have the requisite intent to induce others to directly infringe the Asserted Patents. Accordingly, Plaintiff's induced infringement claims should be limited to sales that occurred after January 29, 2018.

### C. Plaintiff's Willful Infringement Allegations Should Be Dismissed Or At Least Limited Because: 1) They Fail to Meet The *Twombly* and *Iqbal* Standard, 2) The Plaintiff Has Not Pled Factual Allegations To Show That LSI's Conduct Is Of An Egregious Nature That Goes Beyond Typical Infringement, And 3) The Complaint Does Not Allege That LSI Knew Of The Asserted Patents Prior To January 29, 2018

A claim of willful infringement requires that the Complaint plead facts sufficient to plausibly support an inference that: (1) Defendant knowingly infringed the patent, and (2) the alleged conduct by the Defendant is of an egregious nature that is beyond typical infringement.

10

*See i4i,* 598 F.3d at 860; *Halo Elecs.,* 136 S. Ct. at 1935; *Jenkins*, 2017 WL 376154, at *5 (finding that plaintiff failed to state a claim for willful infringement). Plaintiff's allegations of willful infringement with respect to each of the Asserted Patents should be dismissed because the Complaint: 1) does not adequately plead direct infringement, as detailed above, 2) fails to allege conduct by LSI of an egregious nature that goes beyond typical infringement, and 3) fails to include any factual allegations that show LSI's knowledge of the Asserted Patents prior to January 29, 2018.

### i. Plaintiff's Willful Infringement Claims Fail to Properly Plead Direct Infringement Under The *Twombly* and *Iqbal* Standard

As discussed above, the Complaint has failed to sufficiently plead direct infringement. *See Supra*. Absent direct infringement of the claims of a patent, there cannot be willful infringement. As a result, where a motion to dismiss Plaintiff's direct infringement claims has been granted, the related allegations of willful infringement must also fail. *Jenkins*, 2017 WL 376154, at *5 (dismissing the Complaint, which included a willful infringement allegation, upon finding that the direct infringement claim was not adequately pled). Accordingly, the willful infringement claims contained within the Complaint should be dismissed.

### ii. Plaintiff's Willful Infringement Claims Do Not Contain Facts to Support That LSI's Conduct Is Of An Egregious Nature That Goes Beyond Typical Infringement

Willful infringement requires conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongfully, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.,* 136 S. Ct. at 1932. However, the Complaint fails to allege facts that show that LSI's actions are "willful, wanton, malicious, bad-faith, deliberate, consciously wrongfully, flagrant, or— indeed—characteristic of a pirate." *Id.* Instead, the Complaint merely recites conclusory allegations related to the elements or factors of willful infringement. As such, the Complaint has

11

failed to state facts that support a plausible accusation that LSI's actions "actually amounted to an egregious case of infringement of the patent. *Jenkins*, 2017 WL 376154, at *6; *Varian Med. Sys., Inc. v. Elekta AB*, Civil Action No. 15–871, 2016 WL 3748772, at *8 (D. Del. July 12, 2016) (dismissing a Complaint for failing to state facts to support an accusation that the Defendants' actions "actually amounted to an egregious case of infringement of the patent"). In fact, LSI's conduct does not rise to this egregious level because the Complaint does not allege that LSI knew of the Asserted Patents prior to January 29, 2018, and within weeks of the filing of this Complaint LSI terminated sales of the Accused Product. Accordingly, LSI's conduct does not rise to the level that is "characteristic of a pirate," and as such the willful infringement claims contained within the Complaint should be dismissed.

### iii. Plaintiff's Willful Infringement Claims Do Not Allege That LSI Knew Of The Asserted Patents Prior To January 29, 2018

At a minimum, the Plaintiff's willful infringement claims should be limited to alleged infringement after January 29, 2018 because the Complaint does not allege that LSI even knew of the Asserted Patents prior to that date. Specifically, a claim for willful infringement requires that LSI knew of the Asserted Patents. *Gustafson,* 897 F.2d at 511 ("a party cannot be found to have willfully infringed a patent of which the party had no knowledge"). However, the only allegation contained within the Complaint that alleges that LSI knew of the patents is the following statement:

> Upon information and belief, Defendant has had knowledge of the '165 and '566 patents and has had knowledge of its infringement of the '165 and '566 patents since January 29, 2018 through written notification sent by NEXT to Defendant.

(ECF No. 1 at ¶ 18). Absent knowledge before January 29, 2018, LSI could not possibly have willfully infringed the Asserted Patents. Accordingly, if Plaintiff's willful infringement claim survives this motion, it should be limited to infringement that occurred after January 29, 2018.

12

## V. CONCLUSION

In light of the deficiencies detailed above, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, the Court should limit the induced and willful infringement claims to acts that occurred after the written notification that was sent to LSI on January 29, 2018.

Dated: May 24, 2018

Respectfully submitted,

/s/ *Thomas F. Hankinson*
KEATING MUETHING & KLEKAMP, PLL
Joseph M. Callow, Jr. (0061814)
Thomas F. Hankinson (0088367)
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: 513-579-6400
Email: thankinson@kmklaw.com
       jcallow@kmklaw.com

MCDERMOTT WILL & EMERY LLP
Matthew E. Leno (to apply *pro hac vice*)
28 State Street
Boston, Massachusetts 02109
Phone: 617-535-4072
Email: mleno@mwe.com

Campbell Casey (applied *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, IL 60606
Phone: 312-984-6976
Email: cgcampbell@mwe.com

*Attorneys for Defendant*
*LSI Industries Inc.*

13

- 1 -

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on May 24, 2018.

/s/ <em>Thomas F. Hankinson</em>